70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moises Enrique RIVERS-ESPINOZA; Consuelo Vado de Rivers;
Trinidad Guadalupe Rivers-Vado, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70154.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 24, 1995.*
Decided Nov. 3, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moises Rivers-Espinoza, his wife Consuelo Vado de Rivers, and their daughter Trinidad Rivers-Vado ("the Rivers"), natives and citizens of Nicaragua, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an Immigration Judge ("IJ"), denying their applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We review the BIA's denial of withholding of deportation and factual determinations for substantial evidence. Id.
 
 
 4
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)).
 
 
 5
 Without a single reference to the record,[1] the Rivers argue that the BIA's finding that they lacked a well-founded fear of future persecution is not supported by the evidence. This argument lacks merit.
 
 
 6
 Mrs. Rivers testified that she and her husband were political supporters of former president Somoza, and operated an import/export business that had ties to Somoza's military. Mrs. Rivers testified that after the Sandinistas came to power in 1979, they confiscated one of the Rivers' two homes, some of their money, and one of their several trucks. When her husband tried to reclaim the truck he was hit with the butt of a rifle by a "military individual." Mrs. Rivers testified that her 17-year old daughter was killed in April, 1980 while participating in a Sandinista literary campaign. Although Mrs. Rivers was not able to obtain an explanation of the circumstances of her daughter's death, she said she blamed the Sandinistas. Mrs. Rivers testified that because her family did not support the Sandinista's programs, graffiti was written on the walls of their home, their food and gas rationing cards were withheld, their import/export license was denied in 1984 or 1985, and their daughter's educational opportunities were limited.
 
 
 7
 The BIA's finding that the Rivers failed to establish a well-founded fear of persecution is supported by substantial evidence, including the fact that: (1) the Rivers were never arrested or imprisoned by the Sandinistas; (2) they were allowed to operate an import/export business until 1985, were granted exit visas by the Sandinistas to travel outside Nicaragua, and traveled outside of Nicaragua at least ten times from 1982 to 1985; and (3) in 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party.[2] Regarding the death of their daughter in 1980, the BIA did not err by finding that the Rivers failed to provide evidence establishing that she was killed because of her own or her parent's opposition to the Sandinista government. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 8
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because the Rivers' failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 9
 The Rivers' argument that the BIA failed to adequately explain its decision is wholly without merit.
 
 
 10
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioners' failure to support assertions in their brief with references to the record is a violation of FRAP 28(e) and Circuit Rule 28-2.8. Sanctions may be imposed for failure to comply with Circuit Rule 28-2.8. See Circuit Advisory Committee Note to Rule 28-2
 
 
 [2]
 Petitioners argue that the BIA erred by taking administrative notice of the changed political circumstances in Nicaragua. This argument has no merit because petitioners first raised the issue, and they had the opportunity to submit evidence in support of their claim that the risk of persecution continues despite the Sandinista electoral defeat in 1990. Acewicz, 984 F.2d at 1060-61